UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHRISTOPHER DEMITRY**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES AIR FORCE**, <br><br> Defendant. | Case No. 23-CV-3285 (CRC) |

### MEMORANDUM OPINION

*Pro se* plaintiff Christopher Demitry lodged a Freedom of Information Act ("FOIA") request with the United States Air Force. The Air Force denied the request, explaining that Demitry had failed to submit certain paperwork that was required to process it. Demitry sued to challenge the denial, as well as other alleged legal violations by the Air Force unrelated to his FOIA request. The Air Force has moved to dismiss. Because Demitry did not appeal the Air Force's denial within the agency, the Court must dismiss his FOIA claim for failure to exhaust administrative remedies. The Court will also dismiss Demitry's non-FOIA claims and deny several other motions he filed as moot.

**I.   Background**

Some thirty years ago, when he was three, Christopher Demitry attended kindergarten at a school on an Air Force base. Compl. at 2. The school expelled him after he got into a fight with another student. Id. at 3–4.

In 2022, Demitry filed a FOIA request with the Air Force seeking documents related to the fight, including any report documenting the incident, a roster of everyone in the class, and the name of the other student involved. See MTD Ex. 1 at 1.

The same day Demitry filed his request, the Air Force responded by informing him that additional paperwork was required before it could process his request. Jensen Decl. ¶¶ 3–4; MTD Ex. 2 at 2–3. The necessary documents consist of (1) a "perjury statement" verifying his identity and (2) privacy waivers or death certificates for any third parties whose information is included in the request. Id. at 3.

Demitry did not respond to the Air Force's request for additional documentation at first. Then, two-and-a-half weeks after filing his request, Demitry informed the Air Force that if it failed to produce the requested records by the following Tuesday, his "boot is gonna be way up [the Air Force's] afterburners in federal court." MTD Ex. 2 at 2. The next day, the Air Force repeated its request for the additional documents. Id. at 1. Demitry again did not provide them.

One month after Demitry filed his FOIA request, the Air Force sent him a letter formally denying the request because he did not provide the requested documents. MTD Ex. 3 at 1. The letter also informed Demitry he could appeal the denial to the Secretary of the Air Force. Id. He did not do so and instead sued the agency under FOIA. Demitry's complaint also includes claims for providing inadequate medical care and violating his freedom of speech. Compl. at 2. The Air Force moved to dismiss on the grounds that Demitry had not exhausted his administrative remedies and that he failed to plausibly allege his non-FOIA claims. Demitry filed a request for a hearing, which the Court construed as his opposition to the Air Force's motion. Demitry also filed a motion for review and a motion for a CM/ECF password. See ECF 20; ECF 21.

In October 2024, after briefing on the Air Force's motion was complete, Demitry sent a letter to the Court, which the Court directed to be docketed. See ECF 19 ("Demitry Ltr."). While the letter is not entirely clear, it appears to say that Demitry agreed to submit the perjury

statement.  Id. at 2.  He also sought the Court's permission "to continue to request a FOIA[.]"  Id.  Finally, he added that he wishes "to remove himself from any contention with the U.S. Federal Government in its entirety."  Id. at 4.

## II. Legal Standard

The Air Force moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  "Although pleadings by *pro se* litigants are 'held to less stringent standards than formal pleadings drafted by lawyers,' they must still comply with the Federal Rules of Civil Procedure."  Lamb v. Millenium Challenge Corp., 498 F. Supp. 3d 104, 108 (D.D.C. 2020) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).  "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  A court "must treat the complaint's factual allegations as true and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged."  Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (cleaned up).  Although a complaint need not provide "detailed factual allegations" to withstand a 12(b)(6) motion, it must offer "more than labels and conclusions."  Twombly, 550 U.S. at 555.

## III. Analysis

The Court will begin with Demitry's FOIA claim before turning to his other claims and then his other miscellaneous motions.

A. FOIA

The Court will dismiss Demitry's FOIA claim because he failed to exhaust his administrative remedies. FOIA generally requires a party to first appeal an agency's denial within the agency before suing in federal court to challenge that denial. Hidalgo v. FBI, 344 F.3d 1256, 1258–60 (D.C. Cir. 2003). While that requirement is not jurisdictional, failing it "precludes judicial review[.]" Id. at 1258–59. So a complaint that fails to allege that the plaintiff exhausted his administrative remedies must be dismissed for failure to state a claim. Id. at 1260.

Here, Department of Defense regulations provide for internal appeals of FOIA denials within each of its agencies. See 32 C.F.R. § 286.11. The Air Force also informed Demitry of his right to appeal within the Air Force. MTD Ex. 3 at 1. But Demitry's complaint does not allege that he filed an administrative appeal or that the Air Force rejected his appeal. Nor does his opposition to the Air Force's motion to dismiss, or his letter to the Court, suggest that he did so. Accordingly, the Court must dismiss Demitry's FOIA claim for failure to exhaust.[1]

B. Non-FOIA Claims

The Court also dismisses Demitry's two non-FOIA claims. Demitry appears to have abandoned them in his letter to the Court. In that letter, Demitry wrote that, while he wishes "to continue to request a FOIA," he wishes "to remove himself from contention in all capacities with the U.S. Federal Government[.]" Demitry Ltr. at 2, 4. The Court interprets that letter as abandoning any adversarial claims against the government save for his FOIA one, as he made clear that he wishes to continue pressing that claim.

---

[1] The Court notes, however, that Demitry may be able to re-file his FOIA request with the required documentation. That way, he may be able to obtain any records that the Air Force may have and, if necessary, following an unsuccessful internal appeal, file a new lawsuit to challenge any of the Air Force's actions.

Out of an abundance of caution, and because Demitry's letter is not totally clear, the Court also dismisses Demitry's non-FOIA claims for failure to state a claim. Demitry's complaint does not identify any factual support for his medical care or First Amendment claims. He does not allege, for instance, who supposedly was required to provide any care and failed to do so. Nor does he allege any facts about how the government violated his speech rights under the First Amendment. The only references to these claims come (1) at the start of his complaint when he lists them in a bullet-point list alongside his FOIA claim and (2) on page 12, when he asks the Air Force to "comply with the expectations of Freedom of Speech, Freedom of Information and any other constitutional requirements you may be infringing[.]" Compl. at 2, 12. Those cursory, unsupported allegations are not enough to state a plausible claim for inadequate medical care or a First Amendment violation.

C. Demitry's Other Motions

In light of the Court's dismissal of all three counts of the complaint, the Court will deny Demitry's other motions as moot.

IV. Conclusion

For these reasons, the Court will dismiss this case and deny Demitry's other motions as moot. A separate Order accompanies this opinion.

**SO ORDERED.**

                                               CHRISTOPHER R. COOPER
                                               United States District Judge

Date: February 26, 2025